UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                         CASE NO. 8:16-CR-134-T-17JSS

EDWARD BRIGHT.

_____/

ORDER

This cause is before the Court on:

Dkt. 104      Motion for New Trial
Dkt. 105      Response

Defendant Edward Bright, *pro se*, moves for a new trial based on newly discovered evidence, pursuant to Rule 59(b). Defendant Bright contends his sentence should be vacated and remanded based on an intervening change in the law, the decision of the United States Supreme Court in ***Rehaif v. United States***, 139 S.Ct. 2191 (2019), which renders Defendant Bright actually innocent of Defendant's convictions for possession of a firearm by a convicted felon

1. Background

In Count 1 of the Indictment, Defendant Bright was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e).

Defendant Bright filed a Motion to Suppress, which was referred to Magistrate Judge Sneed for a hearing and a Report and Recommendation. (Dkt. 25). A Report and Recommendation was entered in which it was recommended that the Motion to Suppress be denied. (Dkt. 46). The Court overruled the objections to the Report and Recommendation, and adopted it; the Court denied the Motion to Suppress.

This case was set for a bench trial; the Government and Defendant Bright filed a Joint Stipulation of facts. (Dkt. 52). The Joint Stipulation includes a stipulation that when Defendant Bright possessed a firearm, Defendant was a convicted felon. On April 21, 2017, Defendant Bright was adjudicated guilty on Count 1. (Dkt. 55). Defendant Bright was sentenced on July 27, 2018. (Dkts. 91. 94).

At sentencing, the Government made a motion for a 4-level downward departure pursuant to USSG 5K1.1. (Dkt. 77). Defendant Bright requested two additional levels, which the Government did not oppose. The Court granted Defendant's Motion, and departed a total of 6 levels. The U.S. Probation Office determined that Defendant Bright was an armed career criminal, USSG Sec. 4B1.4, based on three prior state drug convictions listed in the Indictment. With a Criminal History Category VI, Defendant Bright's advisory guidelines range was 188 to 255 months imprisonment. Defendant Bright faced a statutory mandatory minimum term of fifteen years on Count 1. Defendant Bright was sentenced to a term of imprisonment of 84 months; a term of supervised release of 60 months, and a special assessment fee of $100.00.

Defendant Bright did not file a direct appeal of his conviction and sentence, nor did Defendant Bright seek post-conviction relief.

2. Discussion

While Defendant Bright has brought the Motion for New Trial under Fed. R. Civ. P. 59, the Court construes Defendant's Motion to be brought under Fed. R. Crim. P. 33.

A motion for new trial based on newly discovered evidence must be filed within three years of the verdict or the finding of guilty Fed. R. Crim. P. 33(b)(1). In order to obtain a new trial based on newly discovered evidence, Defendant must show the following: 1) the evidence was discovered after the trial; 2) Defendant exercised due diligence in discovering the evidence; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) based on the evidence a new trial would probably produce a different result. "The failure to satisfy any one of these elements is fatal to a motion for new trial." *United States v. Ochoa-Vasquez*, 179 Fed. Appx. 572, 575 (11th Cir. 2006)(citation omitted). Motions for new trial based on newly discovered evidence are highly disfavored. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006).

In response to Defendant Bright's Motion, the Government argues that Defendant Bright does not cite any evidence that was discovered after trial, but bases his Motion on a new legal decision. The Government argues that a change in the law does not constitute newly discovered evidence for purposes of Rule 33. *United States v. King*, 735 F.3d 1098, 1109 (9th Cir. 2013); *United States v. Granza*, 427 F.2d 184, 186 (5th Cir. 1970).

The Government further argues that Defendant Bright does not show that a new trial would produce a different result. Defendant Bright does not contend that he did not know he was a felon. The evidence shows that Defendant Bright knew he was a felon. The undisputed facts of the PSR shows that Defendant Bright had at least four felony drug convictions. In a post-*Miranda* interview with agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives, Defendant Bright stated that he was a felon.

After consideration, the Court finds that Defendant Bright has not cited any newly discovered evidence, or shown that a new trial would probably produce a different result. The Court therefore denies Defendant Bright's Motion for New Trial. Accordingly, it is

**ORDERED** that *pro se* Defendant Edward Bright's Motion for New Trial (Dkt. 104) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 20th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

*Pro Se* Defendant:

Edward Bright
67445-018
ASHLAND
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 6001
Ashland, KY    41105